# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MEL O,

        Plaintiff(s),

v.

FLYNN GROUP, INC.,

        Defendant(s).

Case No. 2:16-cv-01712-JCM-NJK

ORDER

(Docket Nos. 25, 26)

Pending before the Court are Plaintiff's motions to extend discovery deadlines and to compel, filed on an emergency basis. Docket Nos. 25, 26. Defendant filed responses to both motions. Docket Nos. 28, 29. No replies were filed. *See* Docket.

Plaintiff asks the Court to extend the discovery cut-off date so that she may obtain additional responses to certain discovery requests. *See* Docket No. 25 at 6-7. Plaintiff also asks the Court to compel Defendant to provide additional responses to those discovery requests because, she submits, its initial responses were inadequate. *See, e.g.*, Docket No. 26 at 6-11. Defendant responds that "Plaintiff failed to adequately attempt to resolve any discovery issues prior to filing the Motion to Compel." Docket No. 29 at 4.

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the nonresponsive party. Similarly, Local Rule 26-7(c) provides that "[d]iscovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results

of the meet-and-confer conference about each disputed discovery request."

The case law in this District makes clear that to satisfy the meet and confer requirement, parties must "meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shufflemaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id.* The parties must "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.*

To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster*, 170 F.R.D. at 170. Moreover, the Court "may look beyond the certification to determine if in fact the parties conferred and attempted to resolve in good faith all disputed issues before resorting to court intervention." *De Leon v. CIT Small Bus. Lending Corp.*, 2013 U.S. Dist. Lexis 64907, at \*28 (D. Nev. May 7, 2013) (citing *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004)) (overruling objection to denial of motion to compel on the basis that a sufficient meet and confer was not held despite certification to the contrary).

In this instance, Plaintiff bases her motion to compel primarily on Defendant's responses to her request for production of documents. *See, e.g.*, Docket No. 26 at 7-11. As Defendant submits, however, Plaintiff received its responses to her request for production of documents on March 28,

2017, yet waited until April 27, 2017, to approach Defendant about those responses. *See, e.g.* Docket No. 29 at 2; *see also* Docket No. 26 at 5. Additionally, Plaintiff's counsel's affidavit suggests that she approached Defendant's counsel about the responses in the midst of a deposition. *See* Docket No. 26-1 at 1. Moreover, counsel's affidavit suggests that she focused on Plaintiff's desire to extend the discovery cut-off date and her proposal of implementing a stipulated protective order to assuage general privacy concerns. *See id.* Thus, it appears that counsel had little time to discuss their positions and, indeed, did not discuss each request and the propriety of each corresponding response, as required to satisfy the meet and confer requirements. *See Shufflemaster*, 170 F.R.D. at 171-72 (parties must "meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention").

Accordingly, the Court **DENIES** without prejudice Plaintiff's motion to compel. Docket No. 26. Plaintiff may file a renewed motion to compel, after engaging in a proper meet and confer, no later than May 20, 2017. For good cause shown and excusable neglect, the Court **GRANTS** Plaintiff's motion to extend discovery deadlines. Docket No. 25. The discovery cut-off is extended to July 28, 2017. The dispositive motions deadline is extended to August 28, 2017, and the joint proposed pretrial order deadline is extended to September 27, 2017.

IT IS SO ORDERED.

DATED: May 10, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge